IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:99cv269

| | |
|---|---|
| SUZANNE CLONTZ, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IHS LONG TERM CARE, INC., )<br>)<br>Defendant. )<br>_____ ) | ORDER |

This matter is before the court upon Defendant IHS Long Term Care, Inc.'s Motion to Dismiss and Motion for Joinder. The parties have fully briefed the issues and this matter is now ripe for disposition.

This ERISA case has been pending for quite some time. Plaintiff Clontz worked for First American Home Health Care ("First American") as a registered nurse. In October of 1996 IHS, Inc. ("IHS") acquired First American and Plaintiff continued in her same position for IHS until she became disabled in July of 1997 and began receiving long term disability ("LTD") benefits from the IHS sponsored and administered plan. When IHS acquired First American, Plaintiff alleges that she was informed verbally and was given a booklet indicating that LTD benefits under the IHS Group Disability Income Plan amounted to 66% of basic monthly earnings until the age of 65. However, when Plaintiff began actually receiving LTD benefits, she learned that the LTD benefits only amounted to 60% of her basic monthly earnings, and would only continue for 4 ½ years. Having learned that her LTD benefits were significantly less than was previously represented to her, Plaintiff wrote to IHS on October 24, 1997, requesting a copy of the policy

1

under which her benefits were covered. In response, she was sent an excerpt from an old First American LTD policy and a "first draft" of a new disability policy dated June 4, 1997. Plaintiff continued to request the relevant policy, but no documents were ever furnished. Plaintiff also attempted to pursue administrative remedies under the plan, but IHS ignored her inquires and requests for review of the level of benefits furnished.

In August of 1999, Plaintiff sued IHS as the plan sponsor and administrator, and IHS Group Disability Income Plan. IHS moved to dismiss for lack of subject matter jurisdiction and this court denied that motion. In February of 2000, IHS and its subsidiaries filed for bankruptcy. This case was stayed for several years while the bankruptcy cases were resolved.

Plaintiff filed a proof of claim for LTD benefits owed to her under ERISA, including a pre-petition claim in the amount of $8,255.00 for LTD benefits owed through the date of the filing of the voluntary petition, a post-petition claim for future benefits in the amount of $221,255.50, and $88,100.00 in statutory penalties due to alleged ERISA violations.

Each of the debtors and successor entities emerged from bankruptcy pursuant to an "Amended Joint Plan of Reorganization of Integrated Health Services, Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code," which became effective on September 9, 2003. As part of the reorganization, Abe Briarwood Corp.[1] and IHS Long Term Care, Inc. became responsible for any post-petition obligations of the original IHS entities, including any post-petition retiree benefits.[2] Plaintiff's pre-petition claim and statutory penalty claim have been

---

[1] Plaintiff filed a stipulation of dismissal without prejudice as to Defendant Abe Briarwood Corp.

[2] Retiree benefits is defined by the Bankruptcy Code to include disability benefits maintained or established in whole or in part prior to the bankruptcy filing. See 11 U.S.C.

resolved and the stay has been lifted against the reorganized debtors and successor entities with regard to Plaintiff's ability to recommence her action in this court. Plaintiff filed her Amended Complaint herein on July 19, 2006. Defendant IHS Long Term Care, Inc. filed the present Motion to Dismiss pursuant to FRCP Rule 12(b)(1) and (2) and a Motion for Joinder pursuant to FRCP Rule 19.

The court will first address Defendant's Motion to Dismiss. Defendant moves to dismiss pursuant to Rules 12(b)(1) and 12(b)(2). Defendant asserts that it is not subject to personal jurisdiction in North Carolina, and in support of its motion submits the affidavit of Christine Zack, who states that Defendant has no substantial contacts with North Carolina.

It may be true that Defendant has no substantial contacts with the state of North Carolina. However, this is an ERISA action, and ERISA contains a nationwide service of process provision that permits an ERISA enforcement action to be brought in federal court in "a district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Contrary to Defendant's argument, the Fourth Circuit has recognized and applied this nationwide service of process provision in Denny's Inc. v. Cake, 364 F.3d 521, 524 (4th Cir. 2004), cert. denied, 543 U.S. 940 (2004). In Denny's, the Fourth Circuit held that ERISA's nationwide service of process provision provided a federal district court in South Carolina with personal jurisdiction over the California Labor Commissioner. The court did, however, limit this broad exercise of personal jurisdiction by requiring that the court have subject matter jurisdiction over the action, and that the assertion of personal jurisdiction must satisfy Fifth Amendment due process requirements. Id. at 524 & n.2.

---

§1114(a).

With respect to the requirement of subject matter jurisdiction, the action at issue must be a proper ERISA enforcement action pursuant to 29 U.S.C. § 1132(a)(3). Id. at 524. The action herein was brought by the Plaintiff Clontz pursuant to 29 U.S.C. § § 1132 and 1133 alleging that the Defendant has wrongfully denied continuing LTD benefits in violation of the plan and ERISA. Plaintiff also alleges that she was denied a full, fair, and impartial review of her benefits determination. Because this is a proper ERISA enforcement action, this court has personal jurisdiction over the Defendant.

The Fourth Circuit also noted in Denny's that the assertion of personal jurisdiction pursuant to ERISA's nationwide service of process must satisfy Fifth Amendment due process standards. Id. at 524 n.2. The defendant must demonstrate that the assertion of personal jurisdiction over it would result in "'such extreme inconvenience or unfairness as would outweigh the congressionally articulated policy' evidenced by a nationwide service of process provision." Id. (Citing ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 627 (4th Cir. 1997)). The Defendant herein has not and cannot make such a showing. The Defendant was created for the express purpose of assuming and defending such liabilities as those alleged herein on behalf of the reorganized debtor, which had nursing homes and provided long-term care throughout the United States, including in this district. Thus, the court finds that the assertion of personal jurisdiction over the Defendant is proper and Defendant's Motion to Dismiss pursuant to FRCP 12(b)(2) is denied.

Defendant also moves to dismiss for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), arguing that Plaintiff Clontz lacks standing to bring a claim for benefits under ERISA. The court will deny this motion, as it denied a similar motion challenging subject matter

jurisdiction made by the former Defendants seven years ago. Although the Defendants may have technically changed since that time, the subject matter of this action remains the same.

The Defendant also moves under FRCP Rule 19(a) for joinder of Northwestern National Life Insurance Co. ("Northwestern") as an indispensable party. Northwestern is the insurer of the IHS Plan.

Rule 19(a) of the Federal Rules of Civil Procedure provides that a person shall be joined as a party if "complete relief" cannot be had in that person's absence. Defendant contends that Northwestern must be joined because Plaintiff is seeking benefits from a Plan that is insured by Northwestern.

The Plaintiff argues, however, that Northwestern is not a necessary or proper party to this action because Northwestern paid the benefits to Plaintiff that it was contractually obligated to pay – 4 ½ years at 60%. Plaintiff is alleging that IHS held out to its employees that its Plan included benefits at 66 2/3% of basic monthly earnings continuing to age 65, while, in reality, IHS did not purchase underlying insurance coverage to cover such a Plan. Instead, IHS purchased insurance through Northwestern covering benefits calculated at only 60% and for a much shorter time period. In other words, IHS funded its Plan through an insurance policy purchased from Northwestern at a significantly lower level of benefits than it included in its Plan and its Plan documents and descriptions. There are no allegations that Northwestern did not fulfill its obligations under its insurance contract with IHS. Accordingly, the court will deny Defendant's Motion for Joinder.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss and Motion for Joinder are both hereby DENIED.

Signed: February 20, 2007

Graham C. Mullen
United States District Judge